UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DESTINIE KNOWLES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SALT CREEK LOGISTICS, LLC, et al., <br><br> Defendants. | CIVIL ACTION NO. <br> 1:24-CV-03012-JPB |

## ORDER

This matter is before the Court on Destinie Knowles and M.B.'s (collectively, "Plaintiffs") Motion to Remand to State Court [Doc. 7]. This Court finds as follows:

## BACKGROUND

Plaintiffs filed this personal injury action against Salt Creek Logistics, LLC, Robert Winterholler and National Interstate Insurance Company (collectively, "Defendants") on June 7, 2024, in the State Court of Cobb County. [Doc. 1-1]. In the Complaint, Plaintiffs allege that they were seriously and permanently injured on November 17, 2023, when a tractor trailer collided with their car. Id. at 7. Winterholler, who was employed by Salt Creek Logistics and allegedly intoxicated

at the time of the accident, drove the tractor trailer that hit Plaintiffs' car. Id. at 7–8.

Plaintiffs' Complaint does not specify any particular dollar amount of damages sought. Instead, Plaintiffs generally contend that Defendants are liable for pain and suffering, medical expenses, lost and future wages and punitive damages. Id. at 15. Plaintiffs also seek attorney's fees and costs of litigation under O.C.G.A. § 13-6-11. Id. at 16.

Defendants removed the action to this Court on July 8, 2024, on the basis of diversity jurisdiction. [Doc. 1]. On July 13, 2024, Plaintiffs filed the instant Motion to Remand to State Court. [Doc. 7]. In the motion, Plaintiffs contend that Defendants have failed to meet their burden to show that the amount-in-controversy requirement is satisfied. The motion is ripe for review.

## ANALYSIS

Under 28 U.S.C. § 1441(a), any civil case filed in state court may be removed to federal court by a defendant if the case could have originally been filed in federal court. When a case is removed, the party seeking removal bears the burden of establishing federal jurisdiction by a preponderance of the evidence at the time the notice of removal is filed. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010); Leonard v. Enter. Rent-A-Car, 279 F.3d 967, 972

(11th Cir. 2002).  When a removing defendant claims diversity jurisdiction under 28 U.S.C. § 1332, the defendant must show that there is (1) complete diversity of citizenship and (2) an amount in controversy exceeding $75,000.  28 U.S.C. § 1332(a).  Significantly, "[a]ny doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court."  Adventure Outdoors Inc. v. Bloomberg, 552 F.3d 1290, 1294 (11th Cir. 2008).

The parties in this case are completely diverse.  Thus, the only issue before the Court is whether the amount-in-controversy requirement is satisfied.  In carrying this burden, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."  Pretka, 608 F.3d at 754.  Rather, where a plaintiff has not pled a specific amount of damages, as is the case here, the removing defendant may satisfy its burden by showing that it is "facially apparent from the pleadings itself that the amount in controversy exceeds the jurisdictional minimum" or that there is "additional evidence demonstrating that removal is proper."  Farley v. Variety Wholesalers, Inc., No. 5:13-CV-52, 2013 WL 1748608, at *2 (M.D. Ga. Apr. 23, 2013) (quoting Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010)).  Notably, in determining whether the jurisdictional minimum has been satisfied, district courts are permitted to use their judicial experience and common sense.  Roe, 613 F.3d at

1062.  Indeed, a district court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" in analyzing the amount in controversy.  Id.

In this case, Plaintiffs sent Defendants a demand letter offering to settle the matter for $2,000,000.  Defendants assert that Plaintiffs' settlement demand, when combined with the allegations in the Complaint, show that the amount in controversy exceeds the jurisdictional minimum.  However, "[t]he Court, like most other courts in this district, is hesitant to rely on a demand letter to establish the amount in controversy unless the letter offers a 'reasonable assessment of the value of [the] claim.'"  Burlington Ins. Co. v. Brown, No. 6:13-cv-64, 2013 WL 3470724, at *3 (M.D. Fla. July 10, 2013).  Although a settlement demand "counts for something," more often than not, "[s]ettlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence."  Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009).

After analyzing the settlement demand in this case, this Court finds that it is more posturing than an honest assessment of damages.  See Holmberg v. Applica Consumer Prods., Inc., No. 1:14-CV-00642-WCO, 2014 WL 12625946, at *3 (N.D. Ga. Aug. 12, 2014).  Here, the settlement demand is insufficient to establish

4

the jurisdictional minimum because "it does not provide an accounting or other reasonably calculable method" for how Plaintiffs reached their offer of $2,000,000. Martin v. Prospect Airport Servs., Inc., No. 1:21-CV-449, 2022 WL 17908533, at *1 (N.D. Ga. May 11, 2022).  For instance, the demand letter lacks any documentation concerning specific medical expenses or information concerning the lost wages.  Moreover, while the demand letter lists various injuries suffered by Plaintiffs, the demand letter fails to describe the extent of those injuries or the exact nature of the medical treatment required to treat those injuries.  The only medical records attached show that Knowles received three injections for pain management.  Ultimately, the demand letter wholly fails to explain how Plaintiffs arrived at their $2,000,000 demand calculation, and therefore the Court finds that it is not a reliable indicator of the damages at issue in this case.

The Court recognizes that Plaintiffs allege that they are entitled to punitive damages as a result of the accident.  While a maximum punitive damages award would satisfy the jurisdictional minimum, a claim for punitive damages "does not automatically . . . vault the amount in controversy over the . . . jurisdictional threshold."  Crocker v. Lifesouth Cmty. Blood Ctrs., Inc., No. 15-0619, 2016 WL 740296, at *3 (S.D. Ala. Feb. 23, 2016).  Although Plaintiffs point to a circumstance which could support an award of punitive damages (*i.e.*, driving

under the influence), based on this Court's judicial experience and common sense, Plaintiffs still have not shown that it is more probable than not that Plaintiffs' claim satisfies the jurisdictional threshold especially since the Court has no way of knowing the amount of medical expenses or lost wages at issue. Accordingly, given the presumption in favor of remand where doubts exist as to federal jurisdiction, this Court finds that Defendants did not meet their burden to show that the amount in controversy exceeds $75,000. Remand is thus appropriate in this case.

***

In their response brief, Defendants state that should this Court "grant Plaintiffs' Motion to Remand, Defendants would respectfully ask that, 'in order to protect a defendant's right to remove a complaint in which the relief sought exceeds the jurisdictional amount in controversy, and to prevent the plaintiffs from taking one position in an effort to defeat a defendant's statutory right of removal and then another position in an effort to maximize their recovery at trial,' that this Court enter an Order finding that Plaintiffs are judicially estopped from seeking damages greater than $75,000 in state court unless the state court judge determines that circumstances have changed." [Doc. 12, p. 9]. Because it would be unfair to allow Plaintiffs to take inconsistent positions in an effort to defeat the statutory

right of removal, the Court agrees that Plaintiffs should be judicially estopped from seeking more than $75,000 in state court unless circumstances have changed. See Boudreaux v. Dickerson, No. 1:22-CV-1482, 2022 WL 18492013, at *1 (N.D. Ga. Apr. 26, 2022) (explaining that a plaintiff "cannot have his cake and eat it too" by taking one position in federal court based on amount in controversy and then taking a different position once the case returns to state court).

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand to State Court [Doc. 7] is **GRANTED**.[1] **IT IS HEREBY ORDERED** that this matter is remanded to the State Court of Cobb County for lack of subject matter jurisdiction. The Clerk is **DIRECTED** to close this case.

**IT IS FURTHER ORDERED** that Plaintiffs are judicially estopped from claiming damages in excess of $75,000 in the state court unless the presiding judge determines that the circumstances have changed since the time Plaintiffs moved to remand. If Plaintiffs want to avoid this estoppel and acknowledge to Defendants and the Court that the amount in controversy is greater than $75,000, Defendants

---

[1] Plaintiffs assert that they are entitled to attorney's fees incurred as a result of the removal. The Court disagrees. Although remand is proper here, Defendants did not lack an objectively reasonable basis for removal. Plaintiffs' request for attorney's fees is therefore **DENIED**.

may request reconsideration of this Order and again remove the action to this Court.

**SO ORDERED** this 1st day of November, 2024.

_____
J. P. BOULEE
United States District Judge